**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MOSTAFA ARAM AZADPOUR, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AMCS GROUP INC., et al. | : | No. 19-1968 |
| Defendants. | : | |

**MEMORANDUM**

Schiller, J.                                                                                                September 8, 2022

Before the Court is Defendant AMCS Group, Inc.'s Motion to Dismiss *pro se* Plaintiff Mostafa Aram Azadpour's Second Amended Complaint. Plaintiff asserts claims for retaliation under Title VII, age discrimination under the Age Discrimination in Employment Act (ADEA), and disability discrimination under the Americans with Disabilities Act (ADA). AMCS moves to dismiss Azadpour's claims, arguing he failed to exhaust his administrative remedies and to timely file his Complaint. In the alternative, AMCS argues he fails to adequately allege any of his claims. For the reasons below, the Court grants Defendant's motion.

## I.    BACKGROUND

Azadpour claims AMCS discriminated against him by rescinding his employment offer (Second Am. Compl. ¶¶ 15-21.) Plaintiff, a Texas resident, began the interview process with AMCS's representatives and employees for a "field-support" position that would require him to work remotely at client sites on or about January 30, 2018. (*Id.* ¶¶ 15, 41.) He was over forty years old at the time. (*Id.* ¶ 45.) AMCS conducted the interview process remotely, initiating a series of phone calls, emails, and a one-time video call with some of its executives and employees. (*Id.* ¶ 15.) On April 18, 2018, one of AMCS's employees asked Azadpour to provide a list of professional references. (*Id.* ¶ 18.) In response, he sent a list containing his previous job titles,

employers, and employer contact information. (*Id.*) At the end of the interview process on May 1, 2018, AMCS emailed Azadpour an employment offer. (*Id.* ¶ 16.) By its terms, he had until May 4, 2018 to accept, pending verification of his employment eligibility. (*Id.* ¶¶ 16-17.) The offer did not state it was contingent upon a successful background check. (*Id.* ¶ 26.) Azadpour signed and accepted the offer on May 1, 2018, or some time before May 4, 2018. (*Id.* ¶ 16.)

However, AMCS rescinded the job offer on May 5, 2018. (*Id.* ¶ 20.) AMCS's employee emailed Azadpour with an attached PDF letter informing him that, after a background check, AMCS could not "follow through or proceed with the offer."[1] (*Id.* ¶¶ 20-21; *see also* Def.'s Answer Ex. B.) AMCS's Global Head of Human Resources (HR), with advice from in-house counsel, used open-source material on Google and other search engines to conduct a "background check" on Azadpour. (*Id.* ¶ 22-27, 47; Pl.'s Exs. 3, 4, 5.) After searching Plaintiff's name online, AMCS's Global Head of HR found "concerning" results: Azadpour's previous employment discrimination lawsuits and other litigation against former employers.[2] (*Id.* ¶¶ 22-25, 40, 47; Pl.'s Exs. 3, 4, 5.) Azadpour alleges AMCS's Global Head of HR rescinded his employment offer because he or she was concerned about sending Azadpour to work on site with AMCS's clients given his history of litigious behavior. (*Id.* ¶ 41.) After AMCS rescinded Azadpour's offer, it eventually hired a younger person for the role. (*Id.* ¶ 49.)

Azadpour filed a Complaint on May 6, 2019 (*see* ECF 1) and then moved for leave to

---

[1]    The attached PDF letter formally telling Azadpour that AMCS rescinded his employment offer was dated May 4, 2018, but AMCS's employee sent the email with the PDF letter attached on May 5, 2018. (Compl. at ¶¶ 20-21.)

[2]    These cases were *Azadpour v. Sun Microsystems, Inc.*, No. 06-03272, 2007 WL 988185 (N.D. Cal. July 23, 2007) *aff'd*, 285 F. App'x 454 (9th Cir. 2008), *cert. denied*, 556 U.S. 1153 (2009) and *Azadpour v. Blue Sky Sports*, No. 17-335, 2018 WL 501521 (N.D. Tex. Apr. 1, 2018). (*See* Pl.'s Exs. 3, 4, 5.)

obtain a right-to sue letter on August 25. (ECF 20.) The Court granted his motion and stayed this case while Azadpour sought to exhaust his administrative remedies. (ECF 31.) The Court lifted the stay on October 17 and directed Azadpour to file his First Amended Complaint by October 25 (ECF 35), which he did. (ECF 37.) After Plaintiff filed his First Amended Complaint, AMCS moved to dismiss for failure to state a claim. (ECF 38.) The Court granted AMCS's motion and dismissed Plaintiff's First Amended Complaint without prejudice on February 5, 2020. (ECF 47.) Azadpour then sought to file a motion for reconsideration and asked for additional time to prepare it. (ECF 48.) The Court accommodated his request for more time but denied Plaintiff's motion for reconsideration on April 2, 2020. (ECF 49, 54.) Azadpour appealed this Court' decision on May 14, 2020 (ECF 55) and the United States Court of Appeals for the Third Circuit dismissed his appeal without prejudice on December 2, 2021. (ECF 57.)

After Azadpour moved for additional time and leave to file a Second Amended Complaint (ECF 59, 60), which the Court granted (ECF 61), he filed his Second Amended Complaint on March 1, 2022. (ECF 64.) It incorporates all previous paragraphs and exhibits attached to his First Amended Complaint. (Second Am. Compl. ¶¶ 1-2.) In response, AMCS again moves to dismiss for failure to state a claim.

## II.   STANDARD OF REVIEW

In deciding AMCS's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all well-pleaded allegations in the Second Amended Complaint and make all reasonable inferences in favor of Azadpour. *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021). The Court may also look to exhibits attached to the Second Amended Complaint and matters of public record. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1996 (3d Cir. 1993). A well-pleaded complaint

"require[s] only a short and plain statement of the claim showing that the pleader is entitled to relief" and need not contain "detailed factual allegations." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232-34 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). To survive AMCS's motion, Azadpour must allege enough factual matter, taken as true, to suggest the required elements of the his claims and raise a reasonable expectation that discovery will reveal evidence of these elements. *Id.*; *see also Oakwood Lab'ys*, 999 F.3d at 904. In turn, the Court must "draw on its judicial experience and common sense" to find, at minimum, "a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Also, when considering the pleading of a *pro se* litigant like Azadpour, the Court must construe it liberally and avoid a formalistic reading in favor of a more contextual one. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Higgs v. Attn'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). But self-represented litigants still must abide by the same procedural rules that apply to all other litigants. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   DISCUSSION

### A.  Azadpour's claims are untimely.

Anti-discrimination statutes require plaintiffs to exhaust their administrative remedies within certain time limits before bringing a suit and, if untimeliness is apparent on the face of a complaint, compliance with these requirements is best dealt with under Rule 12(b)(6). *See Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1977) ("Timeliness of exhaustion requirements are best resolved under Rule 12(b)(6)"); *Wiggins v. Albert Einstein Med. Ctr.*, No. 20-3129, 2022 WL 1197015, at *2 (3d Cir. Apr. 22, 2022) ("Statutes of limitations are affirmative defenses that are not grounds for a Rule 12(b)(6) dismissal unless timeliness is apparent on the face of the

complaint."); *Laychock v. Wells Fargo Home Mortg.*, No. 07-4478, 2008 WL 2890962, at *7 (E.D. Pa. July 23, 2008). This timeliness requirement is not an element of a claim under Title VII, ADEA, or the ADA, but rather "an affirmative defense, [for which] the defendant bears the burden of pleading." *Slingland v. Donahoe*, 542 F. App'x 198, 191 n.3 (3d Cir 2013) (quoting *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997)) (internal quotation marks omitted).

For suits under Title VII, the ADEA, and the ADA, the aggrieved party must file a claim with the Equal Employment Opportunity Commission (EEOC) within 300 days of when an alleged discriminatory act occurred.[3] *See* 42 U.S.C. § 2000e-5(e)(1) (Title VII); 29 U.S.C. § 626(d) (ADEA); 42 U.S.C. § 12117(a) (ADA) (incorporating 42 U.S.C. § 2000e-5(e)(1) by reference). By the plain text of the statutes, Title VII, ADEA, and ADA claims accrue at the time of the alleged unlawful employment practice rather than when it was discovered. *See* 42 U.S.C. § 2000e-5(e)(1) ("A charge under this section shall be filed within . . . three hundred days after the alleged unlawful employment practice **occurred** . . . .") (emphasis added); 29 U.S.C. § 626(d)(1) ("Such a charge shall be filed . . . within 300 days after the alleged unlawful practice **occurred** . . . .") (emphasis added); 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5(e)(1) by reference); *see also Cunningham v. Albright Coll.*, No. 20-1429, 2020 WL 7640192, at *5 n.5 (citing *Rotkiske v. Klemm*, 890 F.3d 422, 428 (3d Cir. 2018) (en banc), *aff'd*, 140 S. Ct. 355 (2019)); *Goodman v. Norristown Area Sch. Dist.*, No. 20-1682, 2020 WL 5292051, at *3 (E.D. Pa. Sept. 4, 2020).

Once a party receives his or her notice of suit rights (also known as a right-to-sue letter) from the EEOC, the party must bring his or her claim within 90 days of receipt of the notice, a

---

[3]     Because Pennsylvania has state laws and agencies that prohibit discrimination on the basis of age, disability, and other traits, the time limit to file is 300 days as opposed to 180 days. *See Bullock v. City of Phila.*, 250 F. App'x 512, 514 (3d Cir. 2007) (citing *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000).

requirement the EEOC includes on each notice it issues. *See* 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); 42 U.S.C. § 12117(a) (ADA) (incorporating 42 U.S.C. § 2000e-5(f)(1) by reference); *see also* Pl.'s First Am. Complaint Ex. 1.

The Court agrees with AMCS that Azadpour has failed to exhaust his claims for retaliation, age discrimination, and disability discrimination and they must be dismissed. Azadpour alleges AMCS rescinded his employment offer on or about May 5, 2018 (Second Amended Compl. ¶¶ 20-21; *see also* FAC Ex. 1). According to the text of all three anti-discrimination statutes, AMCS took the alleged discriminatory employment action on May 5, 2018 and it is the date when Azadpour's claim accrued. He had 300 days from May 5 to file a claim with the EEOC, or until March 1, 2019.[4] However, Azadpour did not file his claim with the EEOC until September 16, 2019—499 days after May 5, 2018 and 199 days after the end of his window to file. (FAC Ex. 1.) It is evident from the face of Azadpour's Second Amended Complaint that his claims must be dismissed for failure to exhaust.

**B. Equitable tolling does not apply to save Azadpour's claims.**

Azadpour also argues that equitable tolling saves his claims. (*See* Pl.'s Resp. in Opp'n at 6.) Although his Second Amended Complaint does not mention the doctrine, his Response to AMCS's motion claims equitable tolling applies. (*See* Pl.'s Response in Opposition at 6.) The Court liberally construes Azadpour's pleadings because he is self-represented, and treats the reference to equitable tolling in his response as if it had been raised in his Second Amended

---

[4]     On the EEOC Form 5 that Azadpour filed with the EEOC on September 16, 2019, he lists the "date(s) discrimination took place" as May 5, 2018 to August 16, 2019. (*See* FAC Ex. 1.) His reference to August 16, 2019 notwithstanding, his claim accrued on May 5, 2018—when the allegedly discriminatory action occurred *and* when Azadpour first discovered the allegedly discriminatory action.

Complaint. *Cf. Wiggins*, 2022 WL 1197015, at *2-3 & n.5 (reversing the district court and holding it should have considered whether equitable tolling saved a *pro se* plaintiff's Title VII claim from dismissal for failure to exhaust even though "equitable tolling" was not explicitly invoked in his complaint).

In certain instances, the doctrine of equitable tolling may stop the statute of limitations from running when a party fails to file an employment discrimination claim with the EEOC within the applicable statutory window. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387-89 (3d Cir. 1994) (considering whether to apply equitable tolling when a plaintiff failed to exhaust administrative remedies for Title VII and ADEA claims), *abrogated on other grounds by Rotkiske*, 890 F.3d at 428; *Wiggins*, 2022 WL 1197015, at * 2 (holding a court may equitably toll the 90-day period to file a Title VII suit just as it may toll statutes of limitations). "'There are three principal, though not exclusive, situations in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting . . . her rights; or (3) where the plaintiff has timely asserted . . . her rights mistakenly in the wrong forum.'" *D.J.S.-W ex rel. Stewart v. United States*, 962 F.3d, 745, 750 (3d Cir. 2020) (quoting *Oshiver*, 38 F.3d at 1387).

But district courts should apply this doctrine sparingly. *See Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 237 (3d Cir. 1999). At the motion to dismiss stage, Azadpour need only adequately plead that the doctrine applies. *In re Cmty. Bank of N. Va.*, 622 F.3d 275, 301 (3d Cir. 2010). Specifically, if a plaintiff relies on fraudulent concealment to invoke equitable tolling, he must also satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement for allegations of fraud. *See Brynes v. De Bolt Transfer, Inc.*, 741 F.2d 620, 626 (3d Cir. 1984) ("We

agree, of course, that fraud, and thus fraudulent concealment, must be pleaded with particularity."); *Gunn v. First Am. Fin. Corp.*, 549 F. App'x 79, 82 n.1 (3d Cir. 2013) ("Allegations of fraudulent concealment [for the purposes of equitable tolling] must meet the requirements of Federal Rule of Civil Procedure 9(b)."); *Laycock*, 2008 WL 2890962, at *7 (same); *Andrew v. Ivanhoe Fin., Inc.*, No. 07-729, 2008 WL 2265287, at *5 (E.D. Pa. May 30, 2008) (same); *Patetta v. Wells Fargo Bank, NA*, No. 09-2848, 2009 WL 2905450, at *4 n.7 (D.N.J. Sept. 10, 2009) (same); *Marangos v. Swett*, No. 07-5937, 2008 WL 4508542, at *6 (D.N.J. Sept. 29, 2008) (same); *see also Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004) (holding that to plead fraudulent concealment, a plaintiff must specify "who made a misrepresentation to whom and the general content of the misrepresentation").

To begin, Azadpour does not allege any facts to show he exercised his rights in the wrong forum. Moreover, his Second Amended Complaint adds no new factual allegations to show any extraordinary circumstances warranting equitable tolling. *See Azadpour v. AMCS Grp., Inc.*, No. 19-1968, 2020 WL 564755, at *3-4 (E.D. Pa. Feb. 5, 2020) (holding Azadpour's "reason for missing the 300-day window for filing the complaint with the EEOC – that he did not know the reason for his employer's action and the employer did not share it with him voluntarily within the span of the statute of limitation – is wholly un-extraordinary"). Azadpour represents that AMCS "took action to conceal its true reason for withdrawing its already signed and accepted employment offer." (Pl.'s Resp. in Opp'n at 6.) He points to the following as evidence of AMCS's "extraordinary" efforts to prevent him from asserting his rights: (i) its employees' decision to cease contact with him following the rescission of his employment offer, (ii) its failure to contact any of Azadpour's listed professional references, (iii) and his own lack of knowledge that AMCS had conducted a Google or Bing search of his name revealing his past civil suits. As the Court

previously held, none of these actions prevented him from asserting his rights in an extraordinary way. *See Azadpour*, 2020 WL 564755, at *3-4. AMCS's allegedly pretextual motives are common to nearly all employment discrimination cases, making them anything but "extraordinary." *See id.* ("Virtually every plaintiff arguing that their Title VII rights were violated as a result of their termination or failure to be hired will find themselves, like Azadpour, outside the company walls without any way to probe the legality [of] its employer's decision-making process); *cf. Clarkson v. Se. Pa. Transp. Auth.*, 700 F. App'x 111, 114 (3d Cir 2017) (holding that Title VII plaintiff's inability to discover the reason for her firing is not an extraordinary circumstance).

Plaintiff also asserts a new theory of equitable tolling he has not previously presented to the Court.  He now writes that he *is* "alleging fraudulent concealment" in his Second Amended Complaint, a theory he eschewed in his First Amended Complaint. (*See* Pl.'s Resp. in Opp'n at 6-7); *Azadpour*, 2020 WL 564755, at *3 n.1. However, he alleges no facts to show who made the misrepresentation that misled him with respect to his cause of action or what the general substance of the alleged misrepresentation was. Azadpour's naked allegation of fraudulent concealment, devoid of any facts about the purported fraud fails to meet Federal Rule 9(b)'s heightened pleading requirement. *See Lum*, 361 F.3d at 223-24. Azadpour has not sufficiently alleged he is entitled to equitable tolling on any grounds.[5]

---

[5]      A recent non-precedential Third Circuit decision held that a district court's dismissal of a *pro se* plaintiff's Title VII claim on a 12(b)(6) motion for failure to exhaust administrative remedies was premature when the plaintiff alluded to equitably tolling the statute's time limits. *Wiggins*, 2022 WL 1197015, at *2-3 & n.5. But the decision is not binding and, in any event, distinguishable from the circumstances in this case. In *Wiggins*, the plaintiff asserted he was "out of town" for personal and medical reasons when his EEOC letter arrived at his home, preventing him from filing suit within 90 days. *Id.* at *2 n.6. Importantly, the district court did not address whether the plaintiff's circumstances warranted tolling or if Title VII's exhaustion requirements may be tolled at all. *Id.* at *2. The Third Circuit held the district court's dismissal of the plaintiff's claims was premature on these facts since equitable tolling may have applied to save them. *Id.* Here, the Court has considered tolling Azadpour's claims and Azadpour alleges *no* facts to show

### C.  Dismissal with prejudice.

Dismissal of a *pro se* complaint without leave to amend is justified if amendment would be futile. *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000); see also *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004) (ordering the district court to offer plaintiff leave to amend "unless a curative amendment would be inequitable, futile, or untimely"). Leave to amend is not required because no amendment to the Second Amended Complaint could cure his failure to exhaust the administrative review process.

### IV.  <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Second Amended Complaint is dismissed with prejudice. An Order consistent with this Memorandum will be docketed separately.

---

he is entitled to equitable tolling. He merely invokes "fraudulent concealment" without pleading any facts of the alleged fraud and pleads no extraordinary circumstances preventing him from filing, unlike the *Wiggins* plaintiff.

Additionally, district courts routinely dismiss employment discrimination claims for failure to exhaust administrative remedies in a timely manner on 12(b)(6) motions—even when the plaintiff invokes equitable tolling but it is clear the doctrine does not apply. *See Hayden v. Allegheny Health Network*, No. 21-525, 2022 WL 783430, at *7-8 (W.D. Pa. Mar. 15, 2022); *Retzler v. McDonalds*, No. 20-1256, 2020 WL 1164797, at *4 (E.D. Pa. Mar. 10, 2020); *Marley v. Donahue*, 133 F. Supp. 3d 706, 717 n.18 (D.N.J. 2015); *Cook v. Acme Mkts., Inc.*, No. 14-4958, 2015 WL 356962, at *2-3 (E.D. Pa. Jan. 26, 2015); *Fanciullo v. U.S. Postal Serv.*, No. 12-5467, 2013 WL 5467169, at *8 (D.N.J. Sept. 30, 2013) ("To be sure, the Court acknowledges that the question of whether a particular party is eligible for equitable tolling generally requires consideration of evidence beyond the pleadings, such tolling is not generally amenable to resolution on a Rule 12(b) (6) motion. Here, however, the Court finds that [plaintiff's] mere mention of the equitable doctrine in an opposition brief, without more, cannot be enough to withstand dismissal of his ADEA claim.") (internal citation and quotation marks omitted); *Mereletto v. Solar Power Indus., Inc.*, No. 09-699, 2011 WL 3734244, at *3-4 (W.D. Pa. Aug. 24, 2011); *Dixon v. Elizabeth Bd. of Educ.*, No. 08-4243, 2010 WL 1742214, at *3-4 (D.N.J. Apr. 27, 2010); *Diehl v. U.S. Steel*, No. 09-948 , 2010 WL 11693624, at *5-6 (W.D. Pa. Jan. 21, 2010); *cf. Lloyd v. Ocean Twp. Counsel*, 857 F. App'x 61, 64-66 (3d Cir. 2021) (affirming district court); *Craig v. Thomas Jefferson Univ.*, No. 08-4165, 2009 WL 2038147, at *6 n.10 (E.D. Pa. July 7, 2009).